UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| HYLAS YACHTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T3 VISTAS, LLC, and RICHARD STROTHER, <br><br> Defendants | Docket Number <br> 1:12-cv-10468 |

### AFFIDAVIT OF KYLE JACHNEY

I, Kyle Jachney, on personal knowledge, information, or belief, on oath, state and depose as follows:

1.  I am an officer of the Plaintiff, Hylas Yachts, Inc. ("Hylas").

**I.  Facts pertaining to the transaction between Hylas and the Defendants.**

2.  The Defendants allege that Hylas promised that it would procure financing for the Defendants, but at no time was such a promise made.

3.  The Defendants allege that prior to signing the sales agreement Hylas promised to secure financing.

4.  Hylas has never offered financing to a purchaser; Hylas does not build yachts on spec.

5.  Hylas did not attempt to sell the yacht "quietly." Rather, it listed the yacht with three brokers, one of whom (Jeff Sorgen) listed the yacht on yachtworld.com, the world's largest multiple listing service for yachts.

6.  Similarly, Hylas did not contract to sell the yacht at a discount. At the time, the boat was three years old and its value has depreciated.

7. When the yacht was originally sold to Strother, it was sold at a discount after a prior purchaser declined to purchase the hull.

8. At all times, Hylas attempted and contracted to sell the yacht at its fair market value.

9. Hylas has a banking relationship with the Salem 5¢ Savings Bank; Salem provides to Hylas a line of credit secured by titles to the yachts subject to sale.

10. The lender currently holds the title to that yacht in question and will only deliver the title to the new buyer free and clear if *all of the sales proceeds are turned over to the lender and Hylas pays an additional $30,000-$50,000 out of its own funds*.

II. **Facts regarding personal jurisdiction.**

11. The Defendants have purposefully availed themselves of the privileges and protections of Massachusetts law through their conduct, including filing the UCC-1 and UCC-3, liening Hylas's property. The lien and its amendment was filed in the commonwealth. It has liened Hylas's assets in Massachusetts and registered its lien in Massachusetts.

12. Hylas Yachts is headquartered in Marblehead, Massachusetts.

13. All of Hylas's yacht sales are booked in Massachusetts.

14. Hylas entered into an agreement with the defendants in which Massachusetts law was to apply

15. Upon information and belief, the Defendants originally met Hylas at the Newport Boat Show in Massachusetts.

16. Nearly all of the communications between Hylas and the Defendants concerning the transaction occurred in Massachusetts.

17. The defendant, Richard Strother, responded to any and all communications by either E-mailing Hylas in Massachusetts at its Marblehead headquarters or by calling Hylas at its headquarters.

18. Nearly all of the design of the yacht that Strother agreed to purchase originated in Massachusetts.

19. Virtually all communications to the Defendants concerning the design of the yacht originated in Massachusetts.

20. Nearly all responses pertaining to the design were received by agents of Hylas in Massachusetts.

21. Nearly all purchases of equipment, detailing, construction, and other building matters occurred from Massachusetts.

22. Strother wired monies to Hylas through the Grand National Bank of Marblehead into the Commonwealth of Massachusetts, including:

    a. $163,000 on August 5, 2008, Exhibits 2 and 11;

    b. $10,000 on November 27, 2009, Exhibit 4;

    c. $10,000 on November 29, 2009, Exhibit 5;

    d. $30,000 on November 13, 2009, Exhibit 6;

    e. $15,000 on November 12, 2009, Exhibit 7;

    f. $25,000 on November 6, 2009, Exhibit 8;

    g. $25,000 on November 5, 2009, Exhibit 9.

23. Strother mailed his deposit checks (along with correspondence) to Hylas at its Massachusetts corporate offices:

    a. $314 on February 8, 2009, Exhibit 3;

   b.  $63,000 on May 30, 2009, <u>Exhibit 10</u>; and

   c.  $100,000 on April 15, 2009 (which was mailed to Hylas's corporate offices). <u>Id.</u>

24. Hylas deposited those checks and transfers in its Grand National Bank of Marblehead accounts in Massachusetts. <u>Exhibits 2-11</u>.

25. Nearly all decisions, discussions, designs, orders, purchases, modifications, negotiations, transactions, and communications originated from the corporate offices in Massachusetts.

26. Strother met with me and my father in Newport, Rhode Island on one occasion.

27. The Defendants filed a UCC-1 and UCC-3 in the Commonwealth of Massachusetts.

28. To my knowledge, I as an officer of Hylas met with Strother once for lunch in Florida.

### III. <u>Facts regarding the Southern District of Florida action.</u>

29. On March 13, 2012, the Defendants instituted an action in the Southern District of Florida. <u>Exhibit 1</u>.

30. At no time in that Complaint do the Defendants request arbitration of their purported claims against Hylas or the other Plaintiffs.

This under the pains and penalties of perjury this 21st day of March, 2012.

_____
Kyle Jachney