UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYLAS YACHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-10468-DJC |
| ) | |
| T3 VISTAS, LLC and RICHARD STROTHER, ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY INJUNCTION ORDER

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Hylas Yachts, Inc. ("Hylas") moves for the issuance of a temporary restraining order and preliminary injunction, seeking to have the Defendants T3 Vistas, LLC, ("T3 Vistas") and Richard Strother ("Strother") (collectively, "the Defendants") terminate all Uniform Commercial Code ("UCC") filings in Massachusetts against Hylas, to enjoin the Defendants from filing further UCC statements against Hylas or otherwise interfering with its sale of the Yacht to a third-party buyer and to enjoin the Defendants from interfering with or arresting the Yacht after it is sold to the third party.

For the reasons stated in the Court's Statement of Reasons, dated April 30, 2012, the Court finds that Hylas has satisfied its burden of showing that its request for a preliminary injunction is warranted. Specifically, the Court finds:

1. That, at this preliminary juncture, Hylas is likely to succeed on the merits of its claims, at least as to the breach of contract claim and insofar as it seeks a declaratory judgment that the Defendants have neither a security interest in the yacht nor authority to file

1

       financing statements with respect to that interest which is the essence of the parties' dispute here;

2.     That Hylas is likely to suffer irreparable harm if the injunction is not granted;

3.     That the balance of equities tips in Hylas' favor;

4.     That the injunction is in the public interest; and

NOW, THEREFORE, it is hereby ORDERED that the Defendants terminate the UCC filings against Hylas, namely, the UCC-1 form (filing number 201293903030) and the UCC-3 form (filing number 201294284750); that the Defendants are hereby enjoined from filing additional UCC statements against Hylas or otherwise interfering in its sale of the Yacht to any third-party buyer; and that the Defendants are hereby enjoined from interfering with or arresting the Yacht after its sale to a third party.

For the issuance of this injunctive relief, a movant is required to post a bond pursuant to Fed. R. Civ. P. 65. In the exercise of its discretion, the Court imposes a bond in the amount of $125,000, which Hylas has proposed, D. 29, and the Court finds sufficient in form and amount, under Fed. R. Civ. P. 65(c), to secure the issuance by this Court of the relief sought. The order of preliminary injunction will become effective upon the filing of the $125,000 bond by Hylas and its notice to the Defendants of such filing.

Entered this day, April 30, 2012.

                                                                 Denise J. Casper
                                                                 United States District Judge