UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HYLAS YACHTS, LLC | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-cv-10468-DJC |
| | ) | |
| T3 VISTAS, LLC, and | ) | |
| RICHARD STROTHER | ) | |
| *Defendants.* | ) | |

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS, RICHARD STROTHER AND T 3 VISTAS, LLC, INC. TO TRANSFER VENUE

The defendants, Richard Strother and T 3 Vistas, LLC, ("Strother" and "T3") submit the following memorandum in support of their motion pursuant to 28 U.S.C. § 1404(a) to transfer venue of this lawsuit from this Court to United States District Court for the Southern District of Florida (Palm Beach) to be consolidated with an action there entitled Strother v. Hylas et al. Civil Action # 12-80283.

### FACTUAL AND PROCEDURAL BACKGROUND

1. Defendants herein are Plaintiffs in an action in the United States District Court for the Southern District of Florida entitled Strother v. Hylas et al. Civil Action # 12-80283 (a Copy of the Summons and Complaint are attached as Exhibit One to Aff. Strother dated March 20, 2012).

2. The Summons and Complaint in Strother v. Hylas et al. Civil Action # 12-80283 were filed on March 13, 2012 at approximately noon in the United States District Court for the Southern District of Florida. The summonses and Complaint were personally served on Defendants Hylas Yachts, Kyle Jachney, Richard Jachney, as Registered Agent for Hylas

1

Yachts, on Wednesday, March 14, 2012. (a copy of the four Affidavits of Service of Process are attached as Exhibit Two to the previously filed Affidavit of Strother dated March 20, 2012).

3. The Florida Action is already set for trial, with discovery deadlines, referral to mediation and a Magistrate Judge assigned to all pretrial dispositions. (a copy of the Order Setting Trial Date & Discovery Deadlines, Referring the Case to Mediation, & Referring Discovery to the United States Magistrate Judge is attached to the Affidavit of Strother in support of defendants' motion to transfer venue as Exhibit "A").

4. Polis Legal Services on March 20, 2012, mailed Strother via Priority Mail the Summons in the instant action (Docket # 1:12-cv-10468), (the "Massachusetts Action"). It contains a time stamp: issued on 2012-03-13 13:29.33, several hours after T 3 Vistas, LLC and Strother filed the Florida Action. T3 has never been properly served in the Massachusetts Action.

5. Both Complaints are Breach of Contract actions involving a contract (the "Sales Agreement") entered into between Hylas Yachts, Inc. and T3 Vistas on August 1, 2008 (attached to each Complaint in each action as Exhibit # 1); and a subsequent Agreement and reaffirmation of said Sales Agreement entered into by Hylas Yachts, Inc. and T3 Vistas on November 2, 2009 (attached to each Complaint in each action as Exhibit # 2). The Complaints in both actions share in common two other Exhibits.

## ARGUMENT

Transfer of venue is justified for the following reasons:

- Both the instant case and the Florida case arise out of a dispute over the same contract.

- The Florida case has precedence over Massachusetts case in that it was filed first in time; served earlier than the Massachusetts case.

- The Florida case is set for trial, with discovery deadlines, referral to mediation and a Magistrate Judge assigned to all pretrial dispositions.

- All 20 possible witnesses and/or third-party defendants are located in South Florida, while only the 2 officers of Hylas Yachts, LLC are domiciled in Massachusetts, and visit the State of Florida with great frequency to oversee the commissioning of their yachts.

The collective circumstances involved in the dispute, namely (1) that the Florida case was filed first and, (2) that key evidence and a vast majority of witnesses and potential third-parties are located in Southern Florida, support transfer of venue to United States District Court for the Southern District of Florida and consolidation with the pending first filed case entitled Strother v. Hylas et al. Civil Action # 12-80283.

**I.      The First in Time Rule Weighs in Favor of Transfer of Venue to South Florida.**

Where two identical actions are pending concurrently in two federal courts, the first-filed action is generally preferred, even if it is a request for a declaratory judgment. See Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds by* Wilton v. Seven Falls Co., 515 U.S. 277, 132 L. Ed. 2d 214, 115 S. Ct. 2137 (1995); GSI Lumonics, Inc. v. Biodiscovery, Inc., 112 F. Supp.2d 99, 105 (D. Mass. 2000); Biogen, Inc. v. Schering AG, 954 F. Supp. 391, 398 (D. Mass. 1996).

The Summons and Complaint in Strother v. Hylas et al. Civil Action # 12-80283 were filed on March 13, 2012 at approximately twelve noon in the United States District Court for the Southern District of Florida. (See Affidavit of Strother herein, ¶ 2).  The summonses and Complaint were personally served on Defendants Hylas Yachts, Kyle Jachney and Richard

Jachney, as Registered Agent for Hylas Yachts, on Wednesday, March 14, 2012. (See Affidavit of Strother herein, ¶ 2).

On or around March 20, 2012, counsel for the plaintiff mailed Strother by Priority Mail the Complaint in the instant case which contained a time stamp: issued on 2012-03-13 13:29.33, hours after Strother filed the Florida Action. T3 Vistas, LLC has never been properly served in the Massachusetts Action. (See Affidavit of Strother herein, ¶ 4 ).

## II. **The Private Interests Weigh in Favor of Transfer of Venue to South Florida.**

The Court is authorized to transfer venue from one district court to another in accordance with the following statute:

> "(a) For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a). Because the lawsuit could have been brought and was in fact brought in the Southern District of Florida, where it is most convenient for witnesses, defendants, and possible third-party defendants, a transfer in venue is statutorily authorized. See 28 U.S.C. § 1391(a)(1) (providing that civil action may be brought in "judicial district where any defendant resides, if all defendants reside in the same State"). Transfer to the Southern District of Florida is also supported by the private interests and the public interests that the Court must weigh in determining the most convenient forum. See Atari v. United Parcel Svc., Inc., 211 F. Supp. 2d 360, 362 (D. Mass. 2002) (court balances the private interests and the public interests when considering transfer in venue).

When considering a request to transfer venue, the Court considers the private interests in such a transfer based upon the following factors:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) any practical problems associated with trying the case most expeditiously and inexpensively.

Atari, 211 F. Supp. 2d at 362.

Litigation in the Southern District of Florida is clearly more convenient to the parties and the witnesses. Although the plaintiff is located in Massachusetts, most, if not all, of the witnesses with knowledge of the parties' claims against one another are located in the Southern District of Florida. In particular, defendants have identified nearly twenty individuals with knowledge of (i) the contractual relationship between plaintiff and defendants; (ii) the promises made to and from plaintiff and defendants; (iii) the condition of Hull # 7 while under Hylas' possession; and (iv) the financial accounting issues relevant to the parties' claims. All of these individuals with knowledge of these claims reside in South Florida. (See Affidavit of Strother herein, ¶¶ 10 - 11).

In terms of convenience, the pre-trial discovery phase of this case would largely take place in South Florida, where documents would be inspected and witnesses subject to deposition. If the case were litigated in South Florida, counsel from South Florida would be more likely to conduct this discovery, thereby avoiding the travel time and costs associated with Massachusetts counsel having to conduct the discovery. Additionally, it would be easier to enforce any discovery requests or orders from a court in South Florida, where the discovery is to take place, than from Massachusetts. Having the trial in South Florida would also be more convenient for the parties and the witnesses, who are readily accessible and will not have to cross the country to appear for trial in Massachusetts. Compelling the attendance of witnesses or the production of documents would also be considerably easier through the South Florida judicial process, where

those witnesses and documents are located. Therefore, the private interests support a transfer of venue from this Court to the District Court for the Southern District to South Florida.

## III.     The Public Interests also Weigh in Favor of Transfer of Venue to South Florida.

In addition to the private interests, the Court also weighs the public interest when determining venue based upon the following factors:

> (1) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (2) the avoidance of unnecessary problems in conflicts of laws, or in the application of foreign law; (3) the local interest in having localized controversies decided at home; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) administrative difficulties flowing from court congestion.

Atari, 211 F. Supp. 2d at 362.

Here, the public interest weighs in favor of a transfer of venue from Massachusetts to South Florida. There is no local interest in having the parties dispute litigated in Massachusetts, as both the parties conducted business in South Florida. Conversely, the parties are involved in a lawsuit in South Florida. As to administrative difficulties of the courts, Defendants are not aware of any such difficulties in the United States District Court for the Sothern District of Florida, as evidenced by the fact that the Florida Action is already set for trial, with discovery deadlines, referral to mediation and a Magistrate Judge assigned to all pretrial dispositions. Therefore, the public interest weighs in favor of a transfer of this lawsuit from this Court to the United States District Court for the Southern District of Florida.

## CONCLUSION

For the foregoing reasons, the defendants Strother and T3 respectfully request that this matter be transferred from this Court to the United States District Court for the Southern District of Florida (Palm Beach) to be consolidated with the first filed action there entitled Strother v. Hylas et al. Civil Action # 12-80283.

                          Respectfully submitted,

                          Richard Strother and T3 Vistas, LLC
                          By their attorney

May 30, 2012                    /s/ Patrick O. McAleer
                                    Patrick O. McAleer, BBO #642627
                                    LOONEY & GROSSMAN LLP
                                    101 Arch Street
                                    Boston, MA 02110
                                    Tel: (617) 951-2800
                                    Fax: (617) 951-2819
                                    E-Mail: pmcaleer@lgllp.com

## **CERTIFICATE OF SERVICE**

On this day, May 30, 2012, the undersigned certifies that he served or caused to be served on all counsel of record a true and accurate copy of this document and any supporting memoranda or affidavits via the ECF system.

                                    /s/ Patrick O. McAleer
                                    Patrick O. McAleer

4816-3171-3295, v. 1