**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHSUETTS**

|  |  |
|---|---|
| HYLAS YACHTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket Number |
| v. ) | |
| ) | 1:12-cv-10468-DJC |
| T3 VISTAS, LLC, and RICHARD STROTHER, ) | |
| ) | |
| Defendants ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF HYLAS YACHTS INC. TO COUNTERCLAIMS**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Hylas admits it entered into an Agreement with the Defendants but calls upon the Defendants to prove the balance of such allegations.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. The statement in this paragraph is vague and ambiguous. The Plaintiff admits that under certain circumstances the Defendants would have a security interest in the boat. The security interest has been extinguished to the extent that it ever existed Moreover, paragraph 7 of the Agreement speaks for itself.

14. Denied.

15. Hylas acknowledges that it installed certain electrical equipment on the Boat. Hylas calls upon the Defendants to prove the balance of statements identified in this paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. This paragraph does not call for a response.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. This paragraph does not call for a response.

35. Denied.

36. Denied.

37. Denied.

38. This paragraph does not call for a response.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. This paragraph does not call for a response.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. This paragraph does not call for a response.

50. Denied.

51. Denied.

52. Denied.

53. This paragraph does not call for a response.

54. Denied.

55. Denied.

56. This paragraph does not call for a response.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

1. The Defendants' claims are barred under the doctrine of comparative negligence.

#### Second Affirmative Defense

2. The Defendants' claims are barred under the doctrine of laches.

#### Third Affirmative Defense

3. The Defendants' claims are barred under the doctrine of waiver.

#### Fourth Affirmative Defense

4. The Defendants' claims are barred under the doctrine of estoppel.

#### Fifth Affirmative Defense

5. The Defendants' claims are barred under the doctrine of unclean hands.

#### Sixth Affirmative Defense

6. The Defendants' claims are barred under the doctrine of acquiescence.

#### Seventh Affirmative Defense

7. The Defendants' claims are barred under the doctrine of res judicata.

#### Eigth Affirmative Defense

8. The Defendants' claims are barred because the Plaintiff lacks privity with the Defendants.

### Ninth Affirmative Defense

9. The Defendants' claims are barred because there has been an accord and satisfaction.

### Tenth Affirmative Defense

10. The Defendants' claims are barred under the doctrine of assumption of risk.

### Eleventh Affirmative Defense

11. The Defendants' claims are barred for failure of consideration.

### Twelfth Affirmative Defense

12. The Defendants' claims are barred under the statute of frauds.

### Thirteenth Affirmative Defense

13. The Defendants' claims are time-barred under the applicable statutes of limitation and repose.

### Fourteenth Affirmative Defense

14. The Defendants' claims are barred under the doctrine of waiver and accord and satisfaction.

        Respectfully submitted,

        HYLAS YACHTS, INC.,

        By its attorneys,

        /s/ Jeffrey S. Baker
        Jeffrey S. Baker
        BAKER & ASSOCIATES, P.C.
        Two West Hill Place, Suite 100
        Boston, MA 02114
        (617) 357-9505
        E-mail: bakerlaw@aol.com
        BBO No. 544929

        and

        /s/ Patrick M. Groulx
        Patrick M. Groulx
        POLIS LEGAL
        P.O. Box 45504
        Somerville, MA 02145
        (978) 549-3124
        E-mail: pgroulx@polislegal.com
        BBO No. 673394

Date: June 1, 2012

## CERTIFICATE OF SERVICE

I, Jeffrey S. Baker, hereby certify that I have served all parties of record in accordance with the electronic filing and service requirements of local rule 5.2.

        Jeffrey S. Baker

Date: June 1, 2012