UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYLAS YACHTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T3 VISTAS, LLC, and RICHARD STROTHER, <br><br> Defendants | Docket Number <br><br> 1:12-cv-10468 |

**AFFIDAVIT OF KYLE JACHNEY IN SUPPORT OF THE MOTION OF THE PLAINTIFF TO MODIFY THE PRELIMINARY INJUNCTION TO REMOVE THE BOND**

I, Kyle Jachney, on personal knowledge, information, and belief, on oath, do state and depose as follows:

1. I am the vice president of Hylas Yachts, Inc. ("Hylas").

2. Hylas is the Plaintiff in this action.

3. The purpose of the preliminary injunction, in part, was to prevent interference with the pending sale of the yacht.

4. The yacht has since been sold.

5. This court ordered that Hylas post a $125,000 bond when it ordered the preliminary injunction in this action.

6. Hylas had to leverage funds to secure the bond initially, and was unable to obtain market rate financing for the bond at that time.

7. As a result, Hylas was paying for premium financing at 6.5% per annum on the bond.

8. The interest rate increased to 9% in May 2013.

1

9. Further, because of the bond, Hylas has had to expend additional cost and effort securing short-term financing for its operations, because it is "out of formula" with its bank.

10. Hylas's bank, Salem Five Cent Savings Bank, informed it that as of June 2013, Hylas will have to secure the bond in its entirety with $125,000 of its own funds.

11. Posting a bond with cash will impede Hylas's ability to conduct its operations because it will restrain the use of substantial working capital.

12. Melanie Jolles works for an independent bank, Scott Financial, and is not, nor has never been, an agent of Hylas. Scott Financial has never been an agent of Hylas.

13. Attached as Exhibit 1 is the contract between the Defendants and Hylas regarding the yacht at issue in this case.

14. Hylas never made any promises or representations to Strother before or in the contract that it would arrange for financing for him. See Exhibit 1.

15. Attached as Exhibit 2 is a true and accurate copy of a November 2, 2009, E-mail from me to Strother.

16. At no time in the letter does Hylas promise to sell the boat or guarantee that Strother will recover his deposit.

17. Strother remitted to Hylas the $125,000 that he was already obligated to pay; there was no new consideration.

18. The funds were used to pay for components that would be installed on the yacht and to commence the commissioning process.

19. Strother indicated that he did not want to sell the boat to a third person.

20. By marketing the yacht, it would be able to be sold, and Strother would have a chance of recouping some of his lost deposit, although Hylas never actually guaranteed that it would be able to recoup any or all of the deposit.

21. The letter states, in part:

> I cannot guarantee anything however I can state in good faith that I will try to market this yacht with the intentions of trying to not only recoup what is due to Hylas but also make every effort within a reasonable timeframe to sell for the higher pricing so that there is a very real possibility of reclaiming some of the earlier deposits already forwarded….

Exhibit 2.

This under the pains and penalties of perjury this 29th day of May, 2013.

_____
Kyle Jachney