UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYLAS YACHTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>T3 VISTAS, LLC, and RICHARD STROTHER,<br><br>Defendants | Docket Number<br><br>1:12-cv-10468 |

## ORDER

It is ORDERED and ADJUDGED that:

1.     The Defendant, Richard Strother ("Strother") (including his agents, successors, and assigns), is enjoined from transferring, encumbering, or hypothecating title to or any interest in his assets (including without limitation assets in the name of any entity Strother controls, such as Strother Film Partners, Strother Film Partners II, Strother Film Partners III, and Flashcat Ventures, LLC) until he complies with paragraphs 2, 3, 4, and 5.

2.     Strother must, within ten (10) days of this Order, account to this Court and all other parties under oath for all ownership interests, income, expenditures, transfers, encumbrances, or other dispositions of his assets from June 2011 to the present, including without limitation copies of statements of Strother's Morgan Stanley accounts during that time period.

3.     Strother must, within ten (10) days of this Order, file a detailed financial statement under oath accurately listing all of his current assets (including without limitation ownership interests in any legal entities or beneficial interests in any legal

1

entities), liabilities, monthly expenses (including without limitation rent, transportation, medical expenses, health and other insurance), and his ownership interests in his assets, including without limitation the current balances of his Morgan Stanley accounts and a description of all assets held for his benefit or on his behalf by any entity.

4. Strother must, within ten (10) days of this Order, identify to the Court and all other parties assets with a value of at least one million three hundred thousand dollars and zero cents ($1,300,000.00) that will be covered by this Order ("the Enjoined Assets"), including the name of the account in which they are held, the name of the institution where they are held, the account numbers, and other relevant identifying information, and the name of any representatives with whom Strother communicates about the accounts.

5. Strother must, within ten (10) days of this Order, notify in writing by certified mail, return receipt requested, all entities holding the Enjoined Assets of the existence of this order. He must then file a copy of those writings with the Court and all other parties and affirm under oath that he has complied with this paragraph.

6. Strother may spend up to $_____ for his reasonable and necessary living expenses until he identifies the Enjoined Assets to the Court.

7. When Strother has identified the Enjoined Assets to the Court, his remaining assets will no longer be subject to paragraph 1.

8. Strother must file with the Court and all other parties the signed certified mail receipts evidencing that the entities holding Enjoined Assets are on notice of this Order immediately upon receipt.

3

9. Strother and any entities holding Enjoined Assets (including their agents, successors, assigns) are enjoined, pending further order of this Court, from transferring any title to or interest in the Enjoined Assets without further order of this Court.

10. If Strother posts with this Court a bond with sureties in the amount of at least one million three hundred thousand dollars and zero cents ($1,300,000.00), that action will satisfy all requirements of this Order, and Strother and any entities holding Enjoined Assets will be excused from the foregoing paragraphs.

SO ORRDERED,

_____
District Court Judge

Date: _____