UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HYLAS YACHTS, LLC | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12-cv-10468-DJC |
| | ) | |
| T3 VISTAS, LLC, and | ) | |
| RICHARD STROTHER | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS FOR SANCTIONS, PROTECTIVE ORDER AND INJUCTIONS, AND A CRIMINAL REFERAL OF MR. JEFF BAKER TO THE JUSTICE DEPARTMENT FOR CONSPIRACY TO COMMIT AND ATTEMPT TO COMMIT CRIMINAL ACTIVITY UNDER THE STORED COMMUNUCATIONS ACT (SCA), 18 U.S.C. § 2702(a)(1) AND HIPPA(42 USC § 1320).

Before the court is Defendants Motion to Quash Plaintiff's SMIC's Third-Party Subpoenas Pursuant to Rule 45(c)(3) or in the Alternative for a Protective Order Pursuant to Rule 26(c)(A)(1). [DE 231] and the Motion of Defendants for sanctions, protective order and injunctions, and a criminal referral of Attorney Jeff Baker to the United States Department of Justice for conspiracy to commit and attempt to commit criminal activity under the Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1) and HIPPA(42 USC § 1320).

In an effort to collect a default judgment which is the subject of a pending Motion to Vacate under FRCP 60(b) (DE229}Mr. Baker on or about December 10-16 mailed over 45 Subpoenas containing over 500 pages and over 400 document production requests. Attorney Baker mail "served" subpoenas on Google's G-mail (Exhibit 1), Yahoo's Yahoo mail (Exhibit 2) Verizon Wireless (Exhibit 3 ) and Dr. Raymond Henderson, the surgeon who saved Defendant Strother's life in an emergency surgery in January, 2012. (Exhibit 4).

1

The subpoenas asked for all records dating back to June 1, 2008. The Verizon Subpoena asked for records for a telephone records not belonging to Defendants. The subpoena to Gmail and Yahoo requires that the companies to produce, *inter alia,* the complete e-mail records, including electronic messages, e-mail contents, and any attachments to any email, which was sent from or received by any account holders identified in Paragraph 1 above from June1, 2008 to date.

The Henderson subpoena demanded all records of Dr. Henderson relating to Defendant Strother dating to June 1, 2008 in a direct criminal violation of HIPPA.

Defendant have now moved to quash the subpoenas or for a protective order. In addition, and a criminal referral of Attorney Jeff Baker to the United States Department of Justice for conspiracy to commit and attempt to commit criminal activity under the Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1) and HIPPA(42 USC § 1320).

## DISCUSSION

### I. Standing

Federal Rule of Civil Procedure 45(c)(3) requires a court to quash or modify a subpoena that:

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Defendants are not arguing that the subpoenas constitute an undue burden, annoyance, embarrassment or oppression to Gmail, Yahoo and Verizon or Henderson.. Of course, that is not the issue here. The Defendants are moving to quash because they believe that the subpoenas are an undue burden, oppressive and embarrassing to *them.*

2

The Defendants have standing to move to quash under Rule 45(c)(3). Notably, subsection (c)(3)(iv) refers to undue burden on "a person." It is not limited to the person receiving the subpoena. *Compare* Fed. R. Civ. P. 45(c)(1) (referring to "undue burden or expense on a person subject to the subpoena."). Also, Rule 45(b) requires a party serving a subpoena for the production of documents before trial to serve a notice on each other party before the subpoena is served. "The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed. R. Civ. P. 45(b) advisory comm. nn. (1991) A party has standing to object to a subpoena where the party claims personal rights or privilege in the documents sought, as the Defendants do here. *Kessel v. Cook County,* No. 00 C 3980, 2002 WL 398506 * 2 (N.D. Ill. Mar. 14, 2002); *see also J.T. Shannon Lumber Co., **Inc**. v. Gilco Limber, **Inc**.,* No. 07 C 119, 2008 WL 3833216 (N.D. Miss. Aug. 14, 2008) (holding that a party has standing to object to a subpoena to Microsoft Corporation and Yahoo seeking the party's personal documents and details of their e-mail accounts).

The Defendants also have standing under Federal Rule of Civil Procedure 26(c)(1), which allows a court to issue an order for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense.

## II. The Stored Communications Act

The Defendants argue — correctly — that the subpoenas violate the Stored Communications Act ("SCA"), 18 U.S.C.§ 2701 *et seq.,* which states that an entity providing an "electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service. . . ." 18 U.S.C.

§ 2702(a)(1). The SCA contains several enumerated exceptions to that prohibition, but a civil subpoena is not among them. *See* 18 U.S.C. § 2702(b).

Other courts have quashed similar subpoenas on the basis that the SCA forbids an e-mail provider from producing its customers' personal e-mails in a civil case. *J.T. Shannon Lumber Co.*, 2008 WL 3833216; *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 609-10 (E.D. Va. 2008); *Chasten v. Franklin*, No. C10-80205 MISC JW (HRL), 2010 WL 4065606 at *2 (N.D. Cal. Oct. 14, 2010); *see also* *Bower v. Bower*, 808 F. Supp. 2d 348, 349-50 (D. Mass. 2011) (denying motion to compel on the same grounds). The purpose of the SCA is to create a "zone of privacy to protect internet subscribers from having their personal information wrongfully used and publicly disclosed by `unauthorized private parties.'" *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d at 610 (citing Sen. Rpt. No. 99-541 at 3 (1986)). That rationale applies equally to the text messages communicated through Verizon's services and technology. Allowing subpoenas like the ones here would eviscerate the SCA's purpose.

The plain text of the statute defines an electronic communication service as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). Congress intended the SCA to cover e-mail providers. *See* Sen. Rpt. No. 99-541, at 14 (1986) ("Existing telephone companies and electronic mail companies are providers of electronic communication services.").

These cases cited by the parties have consistently held that Yahoo, G-mail, AOL, and similar services are, indeed, the "electronic communication services" contemplated by the SCA. *See, e.g., Crispin v. Christian Audigier, **Inc.***, 717 F. Supp. 2d 965, 980 (C.D. Cal. 2010) (stating that sites providing private messaging or email services qualify as electronic

4

communication services):_Bower, 808 F. Supp. 2d at 349_ (uncontested that Yahoo is an electronic

communications service subject to the SCA); _J.T. Shannon Lumber Co.,_ 2008 WL 3833216 at *

2 (stating that "[t]he statutory language is clear and unambiguous"); _In re Subpoena Duces

Tecum to AOL. 550 F. Supp. 2d at 609_ (holding that "[t]he plain language of the Privacy Act

prohibits AOL from producing the Rigsbys' e-mails").[3]

### III. Scope of the subpoenas

Finally, even if the subpoenas were not prohibited by the SCA, the court should enter a

protective order under Rule 26(c). The scope of the subpoenas is grossly overbroad,

encompassing all the content of the Defendants' e-mail on their personal accounts for over 7

years and a half, and all text messages since June 1.2008. that its subpoenas are not"narrowly

tailored," or seek relevant information

The fact that Plaintiff's subpoenas are almost certain to produce many irrelevant personal

communications as well as privileged communications is not, however, a justification for

allowing them. Discovery must be "reasonably calculated to lead to the discovery of admissible

evidence." Fed. R. Civ. P. 26(b)(1). A subpoena for everything on an e-mail account and all text

messages is not "reasonably calculated."

Here. the subpoenas expose the Defendants to the annoyance and embarrassment of

having their personal and potentially privileged communications disclosed.

## IV. The subpoenas were never properly served

The subpoenas were not properly served. The subpoenas were apparently only dropped in the mail with certified mail return receipt requested. Federal Rule of Civil Procedure 45(b)(1) requires *delivering* a copy to the named person. Certified mail is not sufficient. Rule 45(b)(4) reinforces that conclusion. That subsection states: "Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server." Fed. R. Civ. P. 45(b)(4). There is no "Proof of Service" attached to the subpoenas in this case, showing only that the attorney dropped the subpoenas in the mail. It does not show that he delivered them or when they were received. The requirements of Rule 45(b) are in contrast to the ways papers are to be served upon the parties to the lawsuit, as set out in Rule 5(b). The requirement that a subpoena — which, after all may be enforced by the contempt power of the court — must be delivered to the recipient is appropriate because the recipient is not a party to the lawsuit and may be completely unaware of the existence of the lawsuit. But insufficient service is only one, and not the most serious, problem with these subpoenas.

### V. Criminal Nature

### Stored Communucations Act Violations and Enforcement

Mr Baker, an officer of this Court and acting under the subpoena powers of this court, has conspired and attempted to commit a criminal act by issuing subpoenas to Google's gmail and Yahoo's yahoo .com for all of Defendants e-mails going back to 2008. (The subpoenas are attached as Exhibit 1 and Exhibit 2 to the Motion).

The Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1) makes it a criminal

offense punishable by up to five years to obtain without consent written communications such as

e-mails:

OFFENSE.—Except as provided in subsection (c) of this section whoever—
(1) intentionally accesses without authorization a facility through which an electronic
communication service is provided; or
(2) intentionally exceeds an authorization to access that facility;
and thereby obtains, alters, or prevents authorized access to a wire or electronic communication
while it is in electronic storage in such system shall be punished as provided in subsection (b) of
this section.
(b)PUNISHMENT.—The punishment for an offense under subsection (a) of this section is—
(1)if the offense is committed for purposes of commercial advantage, malicious destruction or
damage, or private commercial gain, or in furtherance of any criminal or tortious act in violation
of the Constitution or laws of the United States or any State—
(A) a fine under this title or imprisonment for not more than 5 years, or both, in the case of a first
offense under this subparagraph; and
(B) a fine under this title or imprisonment for not more than 10 years, or both, for any subsequent
offense under this subparagraph; and
(2)in any other case—
(A) a fine under this title or imprisonment for not more than 1 year or both, in the case of a first
offense under this paragraph; and
(B) a fine under this title or imprisonment for not more than 5 years, or both, in the case of an
offense under this subparagraph that occurs after a conviction of another offense under this
section.

The purpose of the subpoenas were not for the benefit of the court but rather for the

commercial gain and advantage of Mr. Baker in an attempt to collect a default judgment

`Mr. Baker's attempted criminal activity was not by mistake or inadvertence as it has

long been established federal Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1), which

"prohibits Internet service providers from producing e-mails in response to a civil discovery

subpoena,"

7

## HIPAA Violations and Enforcement

Failure to comply with HIPAA can result in civil and criminal penalties (42 USC § 1320d-5). Mr. Baker under guise of this Courts' Authority issued 9 possibly criminal subpoenas for health records relating to a January, 2012 catastrophic illness of Defendant. How Mr. Strother's illness relates to this case which was filed a month and a half later baffles the mind, and can be only to vex and harass. Nevertheless the following subpoenas were issued all in violation of HIPPA, as follows:

1.Keeper of the Records of Gold Coast
EKG Consultants Gold Coast EKG Consultants
200 Knuth Road, Ste. 200
Boyton Beach, FL 33436
2. Keeper of the Records of Good Samaritan Medical Center
Good Samaritan Medical Center
1309 N Flagler Dr
West Palm Beach, FL 33401
3.Keeper of the Records of LabCorp
LabCorp
4595 Northlake Blvd
Palm Beach Gardens, FL 33418
4..Keeper of the Records of Lincare, Inc.
Lincare, Inc. 583 105th Ave N
Royal Palm Beach, FL 33411
5.Keeper of the Records of PBD&P Inc.
PBD&P Inc.
4475 Medical Center Way
West Palm Beach FL 33407
6.Keeper of the Records of Sheridan Health Corp.
Sheridan Health Corp.
1625 NW 136th Ave
Sunrise, FL 33323
7.Keeper of the Records of Quest Diagnostics
Quest Diagnostics 3355 Burns Rd Ste 301
Palm Beach Gardens, FL 33410
8. Keeper of the Records of Coram, Inc.
Coram, Inc.
9143 Philips Highway, Suite 300
Jacksonville, FL 32256-1366
9. Dr. Raymond Henderson
West Palm Bach, FL 33402

**REQUEST FOR A CRIMINAL REFERAL OF MR. JEFF BAKER TO THE JUSTICE
DEPARTMENT FOR CONSPIRACY TO COMMIT AND ATTEMPT TO COMMIT
CRIMINAL ACTIVITY UNDER THE STORED COMMUNUCATIONS ACT (SCA), 18
U.S.C. § 2702(a)(1) AND HIPPA(42 USC § 1320).**

Mr. Baker, an attorney for over 30 years, and officer of this Court, has used this Court's

power and authority to break the law for personal gain. Therefore Defendants request  a criminal

referral of Attorney Baker to the justice department for conspiracy to commit and attempt to

commit 3 counts of criminal activity under the Stored Communications Act (SCA), 18 U.S.C. §

2702(a)(1) and 9 counts of criminal activity under HIPPA(42 USC § 1320).


Respectfully submitted,

s/s Richard Strother
Richard Strother, pro se
340 Royal Poinciana Way  Ste:317-203
Palm Beach, Florida  33480
561-1881-3924
Ricstro33@gmail.com

January 22,2016

9