UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYLAS YACHTS, LLC<br>*Plaintiff,*<br><br>v.<br><br>T3 VISTAS, LLC, and<br>RICHARD STROTHER<br>*Defendants.* | CIVIL ACTION NO. 1:12-cv-10468-DJC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT RICHARD STROTHER TO RECONSIDER THE COURT'S RULING OF MAY 2, 2016, DENYING DEFENDANTS FRCP RULE 60(B) MOTION [DE 226 & DE 229]**

The Defendants, Richard Strother and T 3 Vistas, LLC, ("Strother" and "T3") submit the following memorandum in support of their Motion to reconsider and clarify this Court's Summary Orders of May 2, 2016 on the grounds that there is the need to correct a clear error and prevent a manifest injustice.

**FACTUAL AND PROCEDURAL BACKGROUND**

**The Twin Mirror Cases:**

1. Defendants herein were Plaintiffs in an action in the United States District Court for the Southern District of Florida entitled <u>Strother v. Hylas et al</u>. Civil Action # 12-80283 filed on March 13, 2012.

2. On March 13, 2012, in a race to the Court House, Hylas Yachts, LLC, filed the instant action (Docket # 1:12-cv-10468), (the "Massachusetts Action") filing their action 58 minutes before the Florida Action was filed. Hylas did not properly serve the Complaint

1

3. Both Complaints involved Breach of Contract actions involving a contract (the "Sales Agreement") entered into between Hylas Yachts, Inc. and T3 Vistas on August 1, 2008 (attached to each Complaint in each action as Exhibit # 1).

Exhibit "A" was deleted from the Sales Agreement by Plaintiff Hylas Yachts in not only the Compliant, but also other documents and sworn pleadings submitted to this Court. Hylas had in effect "Doctored" the Sales Agreement in furtherance of their efforts to obtain relief.

4. The gravamen of both mirror actions involved complex questions in maritime law:

(a) Did paragraph One of the Sales Agreement require a delivery by Plaintiff of a completed sailing "Yacht" with a mast, rigging, and sail as shown in the drawings attached as Exhibit "A" and specified in the Equipment List? Was "conforming goods" timely "delivered", triggering a contractual obligation of Defendant T-3 Vistas to pay?

(b) Did Buyers, Defendants herein, rightfully decline to accept the non-confirming goods tendered by Hylas on November 1, 2009, and rejected on November 5, 2009 in accordance with the Massachusetts Uniform Commercial Code[1]?

5. Paragraph 7 of the Sales Agreement gave a security interest to Buyer and required Hylas to file on or shortly after August 1, 2008, a UCC-1 financing statement evidencing and perfecting Buyer's security interest in the Yacht. Hylas Yachts failed to do so.

---

[1] <u>Massachusetts Uniform Commercial Code</u>,Section 2-711. (1) Where the seller fails to make delivery or repudiates or the <u>buyer rightfully rejects</u> or justifiably revokes acceptance then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (section 2-612), the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid
Section 2-601. Subject to the provisions of this Article on breach in installment contracts (section 2-612) and unless otherwise agreed under the sections on contractual limitation of remedy (sections 2-718 and 2-719), if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may
<u>(a) reject the whole; or</u>
(b) accept the whole; or
(c) accept any commercial unit or units and reject the rest.

6. The Florida Action was dismissed in or about October, 2012, under the "first to file rule", because the Massachusetts Action had been filed 58 minutes before the Florida Action.

**The Unserved First Amended Complaint**

7. The Massachusetts Action proceeded, and on or about March 20, 2013, Plaintiff Hylas Yachts filed a verified First Amended Complaint [DE 68]. Hylas did not serve the First Amended Complaint. Thus the First Amended Complaint was not answered and no defenses or counterclaim were asserted by Defendants. Moreover, Hylas did not correct the missing "Exhibit "A", which they had surreptitiously deleted from the Sales Agreement. Hylas continued to submit "Doctored" the Sales Agreement to the Court in furtherance of their efforts to obtain relief.

**The Summary Judgment Order**

8. The court issued a summary judgment order on February 26, 2014, presumably on the Original Complaint, denying all T-3 Vistas, LLC and Strother's Counterclaims, stating "Summary Judgment is ALLOWED as to all Defendants Counterclaims." [DE 126]. But the Court held that it was a question of material fact whether Plaintiff Hylas had breached the contract by delivering a hull without mast, rigging and sails.[DE 126].

9. The Courts ruling on Summary Judgment appeared to be contradictory in that it struck Defendant T3's Counterclaim for breach of contract while holding it was a question of material fact whether Plaintiff Hylas had breached the contract by delivering a hull without mast, rigging and sails. In other words Hylas could have been found to have breached the contract at trial, but Defendants could not assert a corresponding breach of contract claim, because the remedy of their counterclaim no longer existed.

3

10. Moreover, it was unclear whether the Summary Judgment applied to the Original unserved Complaint or the unserved and un-answered First Amended Complaint, in which Plaintiff had added claims such as "piercing the corporate veil".

11. On March 10, 2014, Defendants filed a Motion to Reconsider to rectify this denial of due process yet by inadvertence, the Court never considered it.[DE 145].

**The Bankruptcy filings remove jurisdiction to the Bankruptcy Court in Florida**

12. Both Defendants filed for Bankruptcy in the Southern District of Florida. On March 26, 2014, and this Case was removed to the Bankruptcy Court in the Southern District of Florida.[DE 161].

13. On April 8th, 2014, this Court dismissed the Massachusetts Action. [DE 162].

14. Notwithstanding the Bankruptcy proceedings and the removal of the Case to Bankruptcy Court, The Plaintiff's attorney violated the Bankruptcy automatic stay that was in effect pursuant to 11 U.S.C § 362(a)(1) and moved the Court to Vacate the Order dismissing the Case. [ DE 164 (05/12/14) and DE 167 (06/24/14].

**The Massachusetts Court reopens the Case, thereby creating Twin Mirror Cases again**

15. Notwithstanding the Bankruptcy proceedings and the removal of the Case to Bankruptcy Court, and the Bankruptcy automatic stay that was in effect, the Massachusetts Court at the behest of Plaintiff's Counsel, vacated the order of dismissal on June 26, 2014. [ DE 170 & 171]. There were, once again, twin mirror cases, one in Massachusetts and one in the Southern District of Florida.

Notwithstanding, at the behest of Plaintiff's Counsel, the Massachusetts Court then scheduled a trial on August 13, 2014.

4

## The August 12, 2014 Order excusing Defendant Strother from trial scheduled on August 13, 2014.

16. On August 12, 2014, by Order, the Massachusetts Court excused Defendant Strother from trial the next day, but did not Notice Defendant T3's Counsel of Record that the trial was going forward the next day. [DE 188]. Plaintiff's Counsel did not serve the Order on T3's Counsel.

## The Clerk's Default entered against Defendant Strother on August 13, 2014 in favor of non-existant and fictitious entity, Hylas Yachts, LLC

17. Notwithstanding the Bankruptcy proceedings and the removal of the Case to Bankruptcy Court, and the automatic stay that was in effect, and the Order excusing Defendant Strother from trial, the Massachusetts Court at the behest of Plaintiff's Counsel called the case to trial and defaulted both Defendant T3 and the excused Defendant, Strother.

18. Notwithstanding the Bankruptcy proceedings and the removal of the Case to Bankruptcy Court, and the automatic stay that was in effect, and the Order excusing Defendant Strother from trial, the Clerk entered a Default against Defendants T3 and Strother in favor of Plaintiff Hylas Yachts, LLC, at the behest of Plaintiff's Counsel, [DE 193].

19. Plaintiff Hylas Yachts, LLC was a fictitious non-existent entity. Obviously, the fictitious non-entity had been set up as a fabricated "straw-man" plaintiff, to avoid potential liability on Defendants counterclaim and to collapse under any collection proceeding.

## The clever morphing by Plaintiff's Counsel

20. Plaintiff Hylas Yacht, LLC's Counsel, having avoided the counterclaim by Defendants and seeing imminent victory, then surreptitiously morphed the Plaintiff Hylas Yachts, LLC into Hylas Yachts, Inc., an existent entity, and moved and obtained a Default Judgment in favor of Hylas Yachts, Inc. [DE 293].

5

## The FRCP 60(b) Motion to Vacate

21. Defendants thereafter moved to vacate the Default and Default Judgment under Federal Rule of Civil Procedure 60(b)(1), 60(b)(4), and 60(b)(6) to reopen the case and vacate the default judgment of March 31, 2015 on the grounds that there has been mistakes or inadvertence, the judgment was void, and there is the need to correct a clear error and prevent a manifest injustice[DE 226 & 229]. Defendants sought at very least a trial and a ruling on the merits.

22. Defendants claimed in the FRCP 60(b) motion:

1. Plaintiff never served a summons in accordance with FRCP 4 and thus the Court could not have jurisdiction. Defendants did not waive service.

2. Plaintiff never served a Complaint in accordance with FRCP 5 and thus this the Court could not have jurisdiction. Defendants did not waive service.

3. Plaintiff never served an Amended Complaint summons in accordance with FRCP service and thus the Court could not have jurisdiction. Defendants did not waive service.

4. The Court's ruling on Summary Judgment contained a mistake in that it struck Defendant T3's Counterclaim for breach of contract while holding it was a question of material fact whether Plaintiff Hylas had breached the contract by delivering a hull without mast, rigging and sails. In other words Hylas could have been found to have breached the contract at trial yet the remedy of the counterclaim did not exist. Defendants filed a Motion to Reconsider to rectify this denial of due process yet by inadvertence or excusable neglect, the Court did not consider it.

4. The default entered on August 13, 2014 against Defendant Strother for non-appearance was a mistake in that the Court issued an order the day before on August 12 excusing Strother from trial and the automatic stay was in effect.

5. In addition, the Court had no jurisdiction to hold a trial or render a default since jurisdiction over the matter was with the bankruptcy Court in the Southern District of Florida on and during August 13, 2014, the date of the default.

7. The Defendant T-3's lawyer never withdrew from the case, yet he was not informed of the activity in Massachusetts.

23. For the reasons enumerated above, Defendants sought to vacate the Default Judgment.

6

## The Blizzard of "Fishing Expedition" subpoenas violating HIPPA and the Federal Stored Communications Act

24. Notwithstanding the FRCP 60(b) Motion to Vacate pending, Plaintiff's attorney mailed out 45+ 3rd party Subpoena Duces Tecum and Testificandums. Most of these Subpoena Duces Tecum and Testificandums were fishing expeditions that requested up to 44 Interrogatories seeking information on 9 entities or persons, and 396 requests for information dating back to 2008 and sometimes up to 25 years ago. In a scatter gun approach, Plaintiff's attorney tried to subpoena the United States Post Office, 6 medical firms, including the doctor who saved Defendant Strother's life in January 2012, and other health related records forbidden by HIPPA, (42 USC § 1320d-5), all relating to a January, 2012 catastrophic illness of Defendant.

25. They also subpoenaed Strother's ex- landlord from 2 years ago, and a California law firm who represented a defunct entity dissolved in 1992, and 17 banks. Moreover they subpoenaed all of Defendant Strother's cellphone records and e-mail accounts back to 2008 creating all sorts of 4th Amendment privacy issues and privilege issues, and violating the criminal provisions of (SCA), 18 U.S.C. § 2702(a)(1), which prohibits internet service providers from producing e-mails in response to a civil discovery subpoena.

26. They also subpoenaed Defendant's son and pregnant and expecting Daughter with 44 document production requests, forcing them to retain counsel, dragging them out in the cold rain and snow for meaningless depositions, causing them great emotional and financial distress.

27. This prompted Defendants to file on January 4th, 2016 a Motion to Quash [DE 230]. Thereafter Plaintiff filed on January 7th, 2016 a Motion to Compel [DE 232].

28. Defendants filed a Motion for Sanctions on January 26, 2016, [DE 233] for 4 possibly criminal violations of the Federal Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1),and 9 possibly criminal violations of HIPPA (42 USC § 1320d-5).

## The frivolous "Flanking Action" filed by Plaintiff in Florida

29. Notwithstanding the aforementioned abuse of process, Hylas filed another action in The United States District Court for the Southern District of Florida, West Palm Beach Division, against not only the Defendants in the Massachusetts action, but also will-nilly against every entity their search engine could find that had the name Strother associated with them.[2]

30. The frivolous scatter-gun Complaint attacked Defendant Strother's son, and 8 long defunct entities. These entities were defunct as early as 1990, had been administratively dissolved, did not do business, and had been wound up or were being wound up in accordance with applicable law.

31. In addition, in a new low in deception and abuse, the Plaintiff did not serve Defendant Strother's son at his known address in Connecticut where they had just recently taken his deposition. Rather, they attempted and failed to serve him at a UPS mailbox store in Palm Beach, Florida. Then they deliberately and knowingly deceived the Florida Court Clerk into granting a clerk's default knowing full well Defendant Strother's son had not been properly served in Connecticut, even though the Hylas attorney had served him earlier with a subpoena at his Connecticut address.

---

[2] CASE NO.: 15-81590 CIV-COHN /SELTZER,HYLAS YACHTS, INC., a foreign Corporation, Plaintiff, vs. RICHARD STROTHER, T3 VISTAS,LLC, a Nevada Limited Liability company, TROY TUCKERMAN STROTHER, FLASHSCAT VENTURES,LLC, an inactive foreign limited liability company, FIT IN YOUR JEANS BY FRIDAY,LLC, an inactive Foreign limited liability company, CREDITSMARTPRO, LLC, an inactive Foreign limited liability company, STROTHER FILM PARTNERS, LP, a Delaware limited partnership, STROTHER FILM PARTNERS II, a California limited partnership, BUSINESS CREDIT ACCESS, LLC, a Florida inactive limited liability company, TS INVESTMNETS, LLC, a Florida limited liability company, THOR ARIES,LLC, A Florida limited liability company, Defendants.

32. This forced Strother's son to appear and defend a baseless lawsuit that would grow into 45 Docket Entries, further causing him emotional and financial distress.

33. Notwithstanding, Plaintiff made wild and baseless allegations in their Complaint without one shred of evidence or factual pleading that these defunct entities were doing business in Florida, or were all Alter-egos of Defendant Richard Strother, including his son.

34. The Judge presiding over the Case, saw this and issued an Order To Show Cause Why The Case Should Not Be Dismissed, ruling:

> "Plaintiff's Complaint is wholly conclusory...They do not state a claim...No specific wrongful transfers are identified. In light of the foregoing, it appears the Case should be dismissed." [DE 38 therein].

35. Thereafter, the Florida Judge ruled in an Order Dismissing Case that:

> " Plaintiff's claims are wholly conclusory and do not contain a short and plain statement showing Plaintiff is entitled to relief... Plaintiff's Response does not address this issue." [DE 46 therein].

36. Plaintiff had beseeched the Florida Court therein to accept jurisdiction, claiming Florida was the proper venue for the litigated matter. Defendants moved thereafter on February 29, 2016, to transfer venue of this case to Plaintiff's newly chosen venue in Florida.[DE 238]. Incredulously, Plaintiff filed in the Massachusetts Action an opposition to the motion to transfer venue to its newly chosen Florida venue. [DE 239].

**The Court Orders of May 2, 2016**

37. On May 2, 2016, the Massachusetts Court issued the following five orders:

**1. Full docket text for document 241:**
Judge Denise J. Casper: ELECTRONIC ORDER entered denying [226] Motion to Vacate; denying [229] Motion to Vacate. (Hourihan, Lisa)

9

**2. Full docket text for document 242:**
Judge Denise J. Casper: ELECTRONIC ORDER entered re: [230] Motion to Quash; re: [233] Motion for Sanctions; re: [233] Motion for Protective Order. Motion to quash subpoenas, issued in aid of judgment or execution of same pursuant to Fed. R. Civ. P. 69(a)(2), is DENIED. Motion for protective order and/or sanctions is also DENIED. (Hourihan, Lisa)

**3. Full docket text for document 243:**
Judge Denise J. Casper: ELECTRONIC ORDER entered re: [232] Motion to Compel. To the extent that the motion to compel seeks compliance with subpoenas for Defendant Strother's deposition, document production and interrogatories, issued in aid of judgment or execution of same pursuant to Fed. R. Civ. P. 69(a)(2), is ALLOWED. To the extent that motion seeks other relief, it is DENIED. (Hourihan, Lisa)

**4. Full docket text for document 244:**
Judge Denise J. Casper: ELECTRONIC ORDER entered denying [234] Motion to Seal Document (Hourihan, Lisa)

**5. Full docket text for document 245:**
Judge Denise J. Casper: ELECTRONIC ORDER entered denying [238] Motion to Transfer Case to Southern District of Florida by Richard Strother, T3 Vistas, LLC. (Hourihan, Lisa)

38. The Court did not render a decision on Defendant's Motion for Sanctions against Plaintiff's Counsel filed on January 26, 2016, [DE 233]. Defendants sought sanctions for four egregious and possibly criminal violations of the Federal Stored Communications Act (SCA), 18 U.S.C. § 2702(a)(1), and nine egregious and possibly criminal violations of HIPPA (42 USC § 1320d-5) resulting from subpoenas issued by Plaintiff's attorney under guise of this Courts' Authority. This Court but denied Plaintiff's attorney's Motion to Seal the pleading. [DE 234].

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. **Denials of Procedural Due Process**

As set forth above, Defendants were deprived of Due Process. Defendants were not allowed to present their Case to a tribunal and a jury, and thus were deprived of the opportunity to have the Case decided on the merits. American jurisprudence disfavors default judgments because default judgments are entered without a trial on the merits. *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 406 (S.D.N.Y. 2004) ("The determination of whether to grant a motion for default judgment is within the sound discretion of the district court. However, '[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits.'" (alteration in original) (citations omitted) (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001))); *United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003).

Moreover, Defendants were deprived of due process of law due to improper service and improper service of process of both the original Complaint and the First Amended Counterclaim. Thus this Massachusetts Court did not gain Personal Jurisdiction over Defendants,

### 2. **Insufficient process and service of process, lack of Personal Jurisdiction:**

Similarly, the non-existent Hylas, LLC could not attempt to Summon and serve a Complaint, therefore, there was no proper service and no personal jurisdiction over Defendants. *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (per curiam) (noting that proper service of process is one of the components of personal jurisdiction).[3]

---

[3] The summons had a fictitious non-existent entity, Hylas Yachts, LLC (Hylas Limited Liability Company) listed as Plaintiff, in violation of FRCP Rule 4,(a)(1)(A) which requires that a summons contain the name of the parties. ( See the Summons delineating Hylas Yachts, LLC, the fictitious non-entity, as Plaintiff [DE 6, 8, and 9]).

In sum, the Massachusetts Court could not and did not gain Personal Jurisdiction over Defendants, due to improper service and improper service of process.

### 3. No Proper Service of First Amended Complaint:

Similarly, the non-existent Hylas, LLC did not affect service on Defendants of either the Complaint or its First Amended Complaint, therefore, there was no proper service and any Amended Complaint. This rendered any Default Judgment based on that Amended Complaint must be voided.

Thus, the Massachusetts Court did not gain Personal Jurisdiction over Defendants by virtue of the First Amended Complaint, due to the improper service and improper service of process.

### 4. Hylas Yachts, LLC lacked standing to bring the Massachusetts action

The Summons by Hylas Yachts, LLC (and the Docket Sheet in this Massachusetts Action) delineated Hylas Yachts, LLC as the Plaintiff in the Massachusetts Action, but Hylas Yachts, LLC lacked standing to sue.

Hylas Yachts, LLC does not exist according to the Massachusetts Secretary of State's records. It is a fictitious entity, a non-existent entity.

As a non-existent entity, it does not have the capacity to sue or the standing to sue.

Standing is the threshold issue in every federal case. *Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.*, 528 F.3d 817, 819 (11th Cir. 2008) Standing is a mixed question of law and fact. *Baloco v. Drummond Co.*, 640 F.3d 1338, 1342–43 (11th Cir. 2011).

Faced with a similar lawsuit where one of the parties (a defendant) was non-existent, the California Appellate Court ruled in *Roy B. Oliver v. The Swiss Club Tell* (1963) 222 Cal. App 2d 528, that a civil action can be maintained only against a legal person, i.e., a natural

person or an artificial or quasi-artificial person, ***a nonentity is incapable of suing.*** (emphasis added)id at 538 (*Metropolitan St. Ry. Co. v. Adams Express Co.*, 145 Mo. App. 371 [130 S.W. 101]; *Mason v. Farmers Bank at Petersburg*, 39 Va. (12 Leigh) 84.) ***Where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio and its invalidity can be called to the attention of the court at any stage of the proceeding.*** (emphasis added) (*Lewis v. West Side Trust & Savings* 538*538 *Bank*, 377 Ill. 384 [36 N.E.2d 573]; *Metropolitan St. Ry. Co. v. Adams Express Co.*, supra; *Miller's Estate v. St. Joseph County Home*, 119 Ind. App. 437 [87 N.E.2d 886]; 67 C.J.S., § 153, p. 1153.)" The common-sense rationale of this rule is that courts sit to settle disputes between existing parties and when the defendant is not a legal person no lawful judgment can be rendered against such a nonentity. (See *Metropolitan St. Ry. Co. v. Adams Express Co.*, supra; *Miller's Estate v. St. Joseph County Home,* supra; and see *Conlin v. Blanchard*, 219 Cal. 632, 635 [28 P.2d 12].) ***Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, because the defect is jurisdictional.*** (emphasis added) (*Metropolitan St. Ry. Co. v. Adams Express* Co., supra; *Miller's Estate v. St. Joseph County Home*, supra; 67 C.J.S. § 153, p. 1153; and see Code Civ. Proc., § 434.) .......If, as we have pointed out above, the unincorporated association was nonexistent, a purported answer on its behalf would be a nullity and the manner and extent of the denials therein would be of no moment. Id. at 539. ***By the same reasoning, any complaint filed by a non-existent entity would be a nullity and allegations therein of no moment.*** (emphasis added) *Roy B. Oliver v. The Swiss Club Tell, supra at 539."*

In conclusion, the Default Judgment in this Massachusetts action should be stricken because the fictitious entity Hylas Yachts, LLC had no standing to sue, and thus the proceeding was void ab initio.

## 5. The Hylas Extrinsic Frauds on the Court.

(A) Fraud on the Court

Hylas committed extrinsic fraud on this Massachusetts Court by swearing it had delivered the "Yacht" and fulfilled its contractual obligation while claiming T3 had defaulted by non-payment on November 5, 2012. Hylas by affidavit enclosed a "doctored" Sales Agreement but had surreptitiously deleted the all-important Exhibit "A" which required the Yacht to be delivered with Rigging, including a mast, boom, roller furler, hydraulic rigging and sails. With the Judge uniformed that the Sales Agreement had been altered, this fraud left the false impression that Hylas had performed its obligations and Defendants had not.

Based on this deception, Hylas then sought and received an injunction that allowed it to sell the vessel to a third party, who then flagged it under the flag of a foreign jurisdiction, the Marshall Islands, and sailed away over the horizon. With it went the Defendants' collateral granted by Hylas to Defendants as a priority security interest for its $468,000 down payment.

Thus, Hylas obtained the relief it sought, but such deception was an extrinsic fraud[4] that deprived Defendants of property and the ability to properly present their case.

(B) The Plaintiff's Attorney induces Court into a mistaken violation of the automatic stay and mistaken entry of default against Defendants and in favor of the non-existent entity, Hylas Yachts, LLC.

On August 13, 2014, the Plaintiff's Attorney induced the Mass Action Court into a mistaken violation of the automatic stay and a mistaken clerk's entry of default under FRCP 55(a) against Defendants and in favor of the non-existent entity, Hylas Yachts, LLC.[5] [DE 193].

---

[4] Fraud, Black's Law Dictionary (4th ed.): "Extrinsic Fraud is the term given to the deceit that lays the groundwork for setting aside a judgment."

14

This Court had issued an Order at 1:30 p.m. the previous day, August 12, 2014, excusing Strother from attending Trial [DE 188].

> " The Court notes that a bench trial in the captioned matter is scheduled for tomorrow, August 13, 2014. In light of defendant Strother's Notice of Reinstatement of Bankruptcy Proceeding, [Mass Action DE 186] (noting the entry of an Order Reinstating Chapter 13 Case in <u>In re Richard Tuckerman Strother</u>, 14-16671 BKC, D. 73) and the automatic stay pursuant to 11 U.S.C § 362(a)(1<u>), the trial may not proceed against Strother at this time."</u>

The Order was not sent to Kaplan-Bond Group, the attorney of record for T3, who was are of the Bankruptcy proceedings in Florida and must have believed the automatic stay was in effect. In spite of the Order, the Court defaulted Strother the next morning, at the urging of Plaintiff's counsel.

This was again a manifest denial of due process and due process of law.

---

[5] Rule 55(a) of the Federal Rules of Civil Procedure (FRCP) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A question arises regarding how broadly to interpret the phrase "otherwise defend," and whether this phrase applies to trial as opposed to only the earlier pleading stage of litigation. The 11th, 9th, 7th and 5th circuits hav clearly stated that the rule only applies to failure to answer a complaint. *Solaroll Shade & Shutter Corp. v. Bio-Energy Systems, Inc.* 803 F.2d 1130, 1134 (11th Cir. 1986). 9th Circuit: *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993). 5th Circuit: *Bass v. Hoagland*, 172 F.2d at 207–10 9(1949). 7th circuit: *Wickstrom v. Ebert*, 101 F.R.D. 26, 33 (E.D. Wis. 1984).

### **Plaintiff's Attorney shirks his duty to be honest and forthright with this Court**

The default sought by Plaintiff on August 13, 2014 against Defendant Strother for non-appearance was a fraud on the Court because Plaintiff had a duty to be honest and forthright and remind and disclose to the Court that the Court had issued an order the day before, on August 12, 2014, excusing Strother because he was in bankruptcy in the Southern District of Florida and a Bankruptcy automatic stay was in effect pursuant to 11 U.S.C § 362(a)(1).

The Plaintiff's attorney had a duty to be honest and forthright and remind and disclose to the Court that the Court had no jurisdiction to hold a trial or enter a default since jurisdiction was with the bankruptcy Court in the Southern District of Florida on August 13, 2014.

Plaintiff's attorney had a duty to be honest and forthright and remind this Court that the Defendant T-3's lawyer had never withdrew from the case and was not informed by either the Court or the Plaintiff of the activity in the Massachusetts Court.

Plaintiff's attorney had a duty to be honest and forthright and remind and disclose to the Court that an order to remand the case back to Massachusetts was not a final order until August 24, 2014, and that Defendants had told them that the order would be appealed.

Plaintiff's attorney had a duty to be honest and forthright and remind and disclose to this Court that the underlying case was still under the Jurisdiction of the Florida Bankruptcy Court there was a significant chance that the case would remain in the Southern District of Florida.

Plaintiff's attorney, an officer of the Court, committed fraud and deceit on the Court in violation of Rule 8.1 of the Code of Conduct in filing a motion for entry of default on August 13, 2014, and by failure to inform the Court of items enumerated above.

Since early days of American jurisprudence, it has been a corollary:

"that here is an admitted exception (this general rule) where , by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting his case fully, by fraud or deception....these, and similar cases which show that there has never been a real contest in the trial or a hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing."
*United States v. Throckmorton*, 98 U.S. 61 (1875).

### 6. Improper venue and forum non-conveniens (seriously inconvenient forum) in Massachusetts, Plaintiff's Attorney stuffs the Ballot Box

Hylas had conceded jurisdiction to the United States District Court for the Southern District of Florida since the Sales Agreement was signed within 100 miles of the South Florida District Court , the subject matter of the litigation including the Hull and equipment was within 100 miles of the South Florida District Court , all events surrounding the subject matter of the litigation happened there, and all of the witnesses who had knowledge of the events surrounding the subject matter of the litigation, save one, lived within 100 miles of the South Florida District Court and could be compelled to testify at trial.

Hylas filed a Motion to Dismiss for Forum Non-Conveniens in the Florida Action, which was denied. Hylas was unable to convince the Court that Hylas met the required 11th Circuit mandated 3 prong steps that: (1) the adequate alternative forum was available, (2) the public and private factors weighed in favor of dismissal, and (3) the plaintiff T3 and Strother (Plaintiffs in the Florida Action) could reinstate their suit in the alternative forum without undue convenience or prejudice.": *See Aldana*, 2009 WL 2460978 at * 5-6; see also *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1381 (11th Cir. 2009) (consolidating the Eleventh Circuit test into three steps: "that (1) the adequate alternative forum [was] available, (2) the public and private factors weigh[ed] in

favor of dismissal, and (3) the plaintiff[s could] reinstate [their] suit in the alternative forum without undue convenience or prejudice.").

The Florida Court therein ruled that Florida was the most convenient forum and that reinstating (or defending) the suit in an alternate forum would result in undue inconvenience and prejudice.

Notwithstanding, on October 1, 2012, The Senior Judge in the Florida Action applied the "first to file rule" and dismissed the Florida Action without prejudice, but stated:

> " The Court acknowledges that, given the nature of the factual issues presented in this case, it may be that Florida is indeed a more convenient forum for litigation than Massachusetts. However, this is a matter that must be decided by the court in which the first case was filed. See Save Power, 121 F.3d at 350."[6]

In spite of this observation by the Senior Judge in the South Florida that Florida was a more convenient forum, Plaintiff's Attorney convinced the this Court to keep this case. In a Motion to Transfer Venue, filed in this Court, Defendants claimed its 20 witnesses were with driving distance of the Florida Court, and could be compelled to testify, whereas such crucial witnesses witness could not be compelled to testify in Massachusetts.

The Plaintiff's attorney falsely represented Hylas had 20 witnesses in Massachusetts, deceptively convincing court that the scales of witness inconvenience were evenly balanced.

In fact when it came time to name witnesses, Plaintiff Hylas only had one witness in Massachusetts. Hylas' attorney had successfully stuffed the ballot box, so to speak, but it was a deception nonetheless, resulting in yet another deprivation of Due Process. The Hylas deception rendered it impossible for Defendants to call witnesses or present their case in such a seriously inconvenient forum.

---

[6] Strother et al. v. Hylas Yachts, Inc., Case No. 12-cv-80283-DTKH, "Florida Action"[DE 37, page 5]

## CONCLUSION

For the reasons enumerated herein, this Court should reconsider Defendant's Motion pursuant to Federal Rule of Civil Procedure 60(b) (1), 60(b)(4), and 60 (b) (6) to reopen the case and vacate the default judgment of March 31, 2015 on the grounds that there has been mistakes or inadvertence, the judgment is void, and there is the need to correct a clear error and prevent a manifest injustice, due to:

1. Denials of Due Process and Due Process of Law;

2. Lack of personal jurisdiction;

3. Insufficient process and service of process, resulting in lack of Personal Jurisdiction

4. Lack of standing;

5. Extrinsic fraud in the underlying suit that denied Defendants the opportunity to present their case on the merits; and

6. Improper venue and forum non-conveniens (seriously inconvenient forum).

May 13, 2016                                            Respectfully submitted,

_____

Richard Strother, pro se
P.O Box 161
Palm Beach, Florida 33480
561-1881-3924
Ricstro33@gmail.com